UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ITT EDUCATIONAL SERVICES, INC., *et al.*[1] | ) | Case No. 16-07207-JMC-7A |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| DEBORAH J. CARUSO, as CHAPTER 7 TRUSTEE for ITT EDUCATIONAL SERVICES, INC., ESI SERVICE CORP. and DANIEL WEBSTER COLLEGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 18-50271 |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**AGREED MOTION FOR STAY OF ADVERSARY PROCEEDING**

Plaintiff Deborah J. Caruso, ("Trustee" or "Plaintiff"), as chapter 7 trustee in the above-captioned cases of ITT Educational Services, Inc., ("ITT"), ESI Service Corp. and Daniel Webster College, Inc. (collectively referred to herein as either ITT or "Debtors") and Defendant United States Department of Education (the "ED" or "Defendant"), by and through undersigned counsel, jointly move this Court for an order (the "Motion"), staying all proceedings in this adversary proceeding (the "Adversary Proceeding") to allow for the completion of settlement negotiations.

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

1. On September 16, 2016 (*i.e.*, the Petition Date), the Debtors each filed in this Court voluntary petitions for relief under chapter 7 of title 11 of the United States Code (11 U.S.C. §101 *et seq*., the "Bankruptcy Code").

2. On September 7, 2018, Plaintiff initiated this adversary proceeding against the ED seeking various relief, including, without limitation, to recover a transfer of approximately $79,707,879 that ITT transferred to the ED on or about December 17, 2015, and a second transfer of approximately $14,646,101 that ITT transferred to the ED on or about July 20, 2016.

3. Currently, the ED must respond to the Complaint by 35 days after the issuance of the summons.

4. The parties are working together diligently to consensually resolve this matter without further litigation, and have tentatively agreed on the main terms for a settlement subject to the United States obtaining all approvals required to agree to the settlement and the Trustee obtaining approval from this Court.

5. The parties believe that efforts would be best directed towards finalizing the parties' proposed settlement. A stay is appropriate to provide the parties the time to continue negotiating, to memorialize potential settlement terms, and obtain the requisite authorization needed to enter into a settlement.

6. Accordingly, the parties have agreed that:

 a. Effective on the date of filing of Plaintiff's *Adversary Complaint* [Doc. No. 1], all proceedings in the Adversary Proceeding, including without limitation the Court's entry of a scheduling order under Fed. R. Civ. P. 16, as incorporated by Fed. R. Bankr. P. 7016, and the requirements imposed by Fed. R. Civ. P. 26, as incorporated by Fed. R. Bankr. P. 7026, should be stayed until the earlier of (i) thirty (30) days after either party has given written notice

to the other party to terminate pending settlement discussions, or (ii) 120 days from the entry of the Court's order on the Motion;

       b.    For the avoidance of doubt, while the stay is in effect, (i) the time period in which the Trustee may amend the Complaint under Fed. R. Civ. P. 15(a)(1)(A), as made applicable by Bankr. R. 7105, should be tolled, and (ii) the time period in which the United States must file a responsive pleading or a motion with respect to the Complaint under Fed. R. Bankr. P. 7012, should be tolled.

       c.    The stay should not prejudice any motion by the ED to withdraw the reference of the Adversary Proceeding.

7.    This motion does not attempt or otherwise purport to eliminate, reduce or impair any claims or defenses by any party, including without limitation, Plaintiff's rights to file an amended complaint in accordance with Fed. R. Civ. P. 15, as made applicable by Fed. R. Bankr. P. 7015, or Defendant's rights to file a responsive pleading or other motion with respect to the Complaint in accordance with Fed. R. Bankr. P. 7012.

8.    Nothing in this motion shall preclude the parties' ability to seek jointly or individually a further extension of the deadlines set forth in paragraph 6, above.

**WHEREFORE**, the parties hereby request that the Court enter an order:

a.    Effective on the date of filing of Plaintiff's *Adversary Complaint* [Doc 1], staying all proceedings in the Adversary Proceeding, including without limitation the Court's entry of a scheduling order under Fed. R. Civ. P. 16, as incorporated by Fed. R. Bankr. P. 7016, and the requirements imposed by Fed. R. Civ. P. 26, as incorporated by Fed. R. Bankr. P. 7026, until the earlier of (i) thirty (30) days after either party has given written notice to the other party to

3

terminate pending settlement discussions, or (ii) 120 days from the entry of the Court's order on the Motion;

     b.     Tolling, while the stay is in effect, (i) the time period in which the Trustee may amend the Complaint under Fed. R. Civ. P. 15(a)(1)(A), as made applicable by Bankr. R. 7105; and (ii) the time period in which the United States must file a responsive pleading or a motion with respect to the Complaint under Fed. R. Bankr. P. 7012.

     c.     Providing that the Trustee shall not rely on the stay to oppose any motion by the ED to withdraw the reference of the Adversary Proceeding.

     d.     Granting such other and further relief as is just and proper.

Dated: September 7, 2018                                                  Respectfully submitted,

| | |
|---|---|
| JOSEPH H. HUNT<br>Assistant Attorney General | */s/ John C. Hoard*<br>Deborah J. Caruso (Atty. No. 4273-49)<br>John C. Hoard (Atty. No. 8024-49) |
| JOSH J. MINKLER<br>United States Attorney | Meredith R. Theisen (Atty. No. 28804-49)<br>**RUBIN & LEVIN, P.C.**<br>135 N. Pennsylvania Street, Suite 1400 |
| */s/ David H. DeCelles*<br>RUTH A. HARVEY<br>LLOYD H. RANDOLPH<br>JOHN KRESSE<br>DAVID H. DECELLES<br>DANIELLE PHAM | Indianapolis, Indiana 46204<br>Telephone: (317) 634-0300<br>Facsimile: (317) 263-9411<br><br>--and-- |
| United States Department of Justice<br>Civil Division<br>1100 L Street, N.W.<br>Washington, DC 20005<br>TEL: (202) 305-2419<br>FAX: (202) 514-9163<br>Email: david.h.decelles@usdoj.gov | Jeff J. Marwil (admitted *pro hac vice*)<br>Peter J. Young<br>Jeramy D. Webb<br>**PROSKAUER ROSE LLP**<br>Three First National Plaza, Suite 3800<br>Chicago, Illinois 60602-4342<br>Telephone: (312) 962-3550<br>Facsimile: (312) 962-3551 |
| *Attorneys for the United States* | --and-- |

4

>Timothy Q. Karcher (admitted *pro hac vice*)
>Steven H. Holinstat
>Russell T. Gorkin
>**PROSKAUER ROSE LLP**
>Eleven Times Square
>New York, New York 10036
>Telephone:  (212) 969-3000
>Facsimile:   (212) 969-2900
>
>*Co-Counsel to the Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2018, a copy of the foregoing *Agreed Motion for Stay of Adversary Proceeding* was filed electronically. Notice of this filing will be sent to the following party/parties through the Court's Electronic Case Filing System. Party/parties may access this filing through the Court's system.

David H DeCelles   david.h.decelles@usdoj.gov
John C. Hoard    johnh@rubin-levin.net, jkrichbaum@rubin-levin.net;atty_jch@trustesolutions.com;sturpin@rubin-levin.net
U.S. Trustee    ustpregion10.in.ecf@usdoj.gov

I further certify that on September 7, 2018, a copy of the foregoing *Agreed Motion for Stay of Adversary Proceeding* was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

None.

>/s/ *John C. Hoard*
>John C. Hoard

g:\wp80\trustee\caruso\itt educational - 86723901\adversary proceedings\dept. of ed\drafts\motion to stay ap.doc

5