**SO ORDERED: September 12, 2018.**



**James M. Carr**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ITT EDUCATIONAL SERVICES, INC., *et al.*[1] | ) | Case No.  16-07207-JMC-7A |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| DEBORAH J. CARUSO, as CHAPTER 7 | ) | |
| TRUSTEE for ITT EDUCATIONAL | ) | |
| SERVICES, INC., ESI SERVICE CORP. and | ) | |
| DANIEL WEBSTER COLLEGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 18-50271 |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING AGREED MOTION FOR STAY OF ADVERSARY PROCEEDING

This matter came before the Court on the *Agreed Motion for Stay of Adversary*

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are
ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

*Proceeding* (the "Motion") [Doc 4], filed by Deborah J. Caruso, the chapter 7 trustee in the above-referenced bankruptcy case and the plaintiff in this adversary proceeding ("Plaintiff") and the United States Department of Education ("Defendant").

The Court, having considered the Motion, and being otherwise duly advised in the premises, determines that the Motion should be, and hereby is, GRANTED.  Accordingly,

IT IS THEREFORE ORDERED as follows:

1.  The Motion is GRANTED in its entirety.

2.  Effective on the date of filing of Plaintiff's *Adversary Complaint* [Doc 1], all proceedings in this Adversary Proceeding, including without limitation the Court's entry of a scheduling order under Fed. R. Civ. P. 16, as incorporated by Fed. R. Bankr. P. 7016, and the requirements imposed by Fed. R. Civ. P. 26, as incorporated by Fed. R. Bankr. P. 7026, are stayed until the earlier of (i) thirty (30) days after either party has given written notice to the other party to terminate pending settlement discussions, or (ii) 120 days from the entry of the Court's order on the Motion.

3.  While the stay is in effect, (a) the time period in which the Plaintiff may amend the Complaint under Fed. R. Civ. P. 15(a)(1)(A), as made applicable by Bankr. R. 7105, shall be tolled, and (b) the time period in which the Defendant must file a responsive pleading or a motion with respect to the Complaint under Fed. R. Bankr. P. 7012 shall be tolled.

4.  The Plaintiff shall not rely on the stay to oppose any motion by the Defendant to withdraw the reference of the Adversary Proceeding.

5.  Notwithstanding anything in this Order, the parties are permitted to seek jointly or individually a further extension of the deadlines set forth in this Order.

6.  Neither the Motion nor this Order eliminates, reduces or impairs any claims or

defenses by any party, including without limitation, Plaintiff's rights to file an amended complaint in accordance with Fed. R. Civ. P. 15, as made applicable by Fed. R. Bankr. P. 7015, or Defendant's rights to file a responsive pleading or other motion with respect to the Complaint in accordance with Fed. R. Bankr. P. 7012.

*###*