**SO ORDERED: December 18, 2018.**



**James M. Carr**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ITT EDUCATIONAL SERVICES, INC., *et al.*[1] | ) | Case No.  16-07207-JMC-7A |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ————————————————— | ) | |
| | ) | |
| DEBORAH J. CARUSO, as CHAPTER 7 | ) | |
| TRUSTEE for ITT EDUCATIONAL | ) | |
| SERVICES, INC., ESI SERVICE CORP. and | ) | |
| DANIEL WEBSTER COLLEGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 18-50271 |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING AGREED MOTION TO**
**EXTEND STAY OF ADVERSARY PROCEEDING**

This matter came before the Court on the *Agreed Motion to Extend Stay of Adversary*

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

*Proceeding* (the "Motion") [Doc 10], filed by Deborah J. Caruso, the chapter 7 trustee in the above-referenced bankruptcy case and the plaintiff in this adversary proceeding ("Plaintiff") and the United States Department of Education ("Defendant").

The Court, having considered the Motion, and being otherwise duly advised in the premises, determines that the Motion should be, and hereby is, GRANTED.  Accordingly,

IT IS THEREFORE ORDERED as follows:

1.      The Motion is GRANTED in its entirety.

2.      The stay as provided in the Initial Stay Order shall remain effective as of the date of the filing of Plaintiff's *Adversary Complaint* ("Complaint") [Doc 1], and is extended to stay all proceedings in this Adversary Proceeding, including without limitation the Court's entry of a scheduling order under Fed. R. Civ. P. 16, as incorporated by Fed. R. Bankr. P. 7016, and the requirements imposed by Fed. R. Civ. P. 26, as incorporated by Fed. R. Bankr. P. 7026, until the earlier of (i) thirty (30) days after either party has given written notice to the other party to terminate pending settlement discussions, or (ii) 120 days from the entry of this Order.

3.      While the stay is in effect, (a) the time period in which the Plaintiff may amend the Complaint under Fed. R. Civ. P. 15(a)(1)(A), as made applicable by Bankr. R. 7105, shall be tolled, and (b) the time period in which the Defendant must file a responsive pleading or a motion with respect to the Complaint under Fed. R. Bankr. P. 7012 shall be tolled.

4.      The Plaintiff shall not rely on the stay to oppose any motion by the Defendant to withdraw the reference of the Adversary Proceeding.

5.      Notwithstanding anything in this Order, the parties are permitted to seek jointly or individually a further extension of the deadlines set forth in this Order.

6.      Neither the Motion nor this Order eliminates, reduces or impairs any claims or

defenses by any party, including without limitation, Plaintiff's rights to file an amended complaint in accordance with Fed. R. Civ. P. 15, as made applicable by Fed. R. Bankr. P. 7015, or Defendant's rights to file a responsive pleading or other motion with respect to the Complaint in accordance with Fed. R. Bankr. P. 7012.

*###*