UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ITT EDUCATIONAL SERVICES, INC., *et al.*[1] | ) | Case No. 16-07207-JMC-7A |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| DEBORAH J. CARUSO, as CHAPTER 7 TRUSTEE for ITT EDUCATIONAL SERVICES, INC., ESI SERVICE CORP. and DANIEL WEBSTER COLLEGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 18-50271 |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

## AGREED 3RD MOTION TO EXTEND STAY OF ADVERSARY PROCEEDING

Plaintiff Deborah J. Caruso, ("Trustee" or "Plaintiff"), as chapter 7 trustee in the above-captioned cases of ITT Educational Services, Inc., ("ITT"), ESI Service Corp. and Daniel Webster College, Inc. (collectively referred to herein as either ITT or "Debtors") and Defendant United States Department of Education (the "ED" or "Defendant"), by and through undersigned counsel, jointly move this Court for an order (the "Motion"), extending the stay for a third time of all proceedings in this adversary proceeding (the "Adversary Proceeding") to allow for the completion of settlement negotiations.

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

1.      On September 16, 2016 (*i.e.*, the Petition Date), the Debtors each filed in this Court voluntary petitions for relief under chapter 7 of title 11 of the United States Code (11 U.S.C. §101 *et seq*., the "Bankruptcy Code").

2.      On September 7, 2018, Plaintiff initiated this Adversary Proceeding against the ED seeking various relief, including, without limitation, to recover a transfer of approximately $79,707,879 that ITT transferred to the ED on or about December 17, 2015, and a second transfer of approximately $14,646,101 that ITT transferred to the ED on or about July 20, 2016.

3.      The Court has previously entered two orders staying all proceedings in this Adversary Proceeding, with the latest *Order Granting Agreed Motion to Extend Stay of Adversary Proceeding* (the "2nd Stay Order") [Doc 11] entered on December 18, 2018, staying all proceedings in this Adversary Proceeding until the earlier of (i) thirty (30) days after either party has given written notice to the other party to terminate pending settlement discussions, or (ii) 120 days from entry of the 2nd Stay Order. The 2nd Stay Order expressly permits the parties to seek jointly or individually further extensions of these deadlines.

4.      The current stay pursuant to the 2nd Stay Order is set to expire on April 17, 2019. The parties continue to work together diligently to consensually resolve this matter without further litigation, and have tentatively agreed on the main terms for a settlement subject to the United States obtaining all approvals required to agree to the settlement and the Trustee obtaining approval from this Court.

5.      The parties believe that efforts would be best directed towards finalizing the parties' proposed settlement. Accordingly, extending the stay beyond April 17, 2019 is appropriate to provide the parties the time to continue negotiating, to memorialize potential settlement terms, and obtain the requisite authorization needed to enter into a settlement.

6.  Accordingly, the parties have agreed to extend the stay as provided in the 2nd Stay Order as follows:

   a.  The stay as provided in the 2nd Stay Order will remain effective as of the date of the filing of Plaintiff's *Adversary Complaint* ("Complaint") [Doc 1], and will be extended to stay all proceedings in the Adversary Proceeding, including without limitation the Court's entry of a scheduling order under Fed. R. Civ. P. 16, as incorporated by Fed. R. Bankr. P. 7016, and the requirements imposed by Fed. R. Civ. P. 26, as incorporated by Fed. R. Bankr. P. 7026, until the earlier of (i) thirty (30) days after either party has given written notice to the other party to terminate pending settlement discussions, or (ii) 120 days from the entry of the Court's order on the Motion;

   b.  For the avoidance of doubt, while the stay is in effect, (a) the time period in which the Plaintiff may amend the Complaint under Fed. R. Civ. P. 15(a)(1)(A), as made applicable by Bankr. R. 7015, should be tolled, and (b) the time period in which the ED must file a responsive pleading or a motion with respect to the Complaint under Fed. R. Bankr. P. 7012, should be tolled.

   c.  The stay will not prejudice any motion by the ED to withdraw the reference of the Adversary Proceeding.

7.  This motion does not attempt or otherwise purport to eliminate, reduce or impair any claims or defenses by any party, including without limitation, Plaintiff's rights to file an amendment to the Complaint in accordance with Fed. R. Civ. P. 15, as made applicable by Fed. R. Bankr. P. 7015, or Defendant's rights to file a responsive pleading or other motion with respect to the Complaint in accordance with Fed. R. Bankr. P. 7012.

8. Nothing in this motion shall preclude the parties' ability to seek jointly or individually a further extension of the deadlines set forth in paragraph 6, above.

**WHEREFORE**, the parties hereby request that the Court enter an order:

a. Directing that the stay as provided in the 2nd Stay Order will remain effective as of the date of the filing of the Complaint, and is extended to stay all proceedings in the Adversary Proceeding, including without limitation the Court's entry of a scheduling order under Fed. R. Civ. P. 16, as incorporated by Fed. R. Bankr. P. 7016, and the requirements imposed by Fed. R. Civ. P. 26, as incorporated by Fed. R. Bankr. P. 7026, until the earlier of (i) thirty (30) days after either party has given written notice to the other party to terminate pending settlement discussions, or (ii) 120 days from the entry of the Court's order on the Motion;

b. Tolling, while the stay is in effect, (i) the time period in which the Trustee may amend the complaint under Fed. R. Civ. P. 15(a)(1)(A), as made applicable by Bankr. R. 7015, and (ii) the time period in which the ED must file a responsive pleading or a motion with respect to the complaint under Fed. R. Bankr. P. 7012.

c. Providing that the Trustee shall not rely on the stay to oppose any motion by the ED to withdraw the reference of the Adversary Proceeding.

d. Granting such other and further relief as is just and proper.

4

Dated:  March 26, 2019               Respectfully submitted,

JOSEPH H. HUNT                         */s/ John C. Hoard*
Assistant Attorney General             Deborah J. Caruso (Atty. No. 4273-49)
                                       John C. Hoard (Atty. No. 8024-49)
JOSH J. MINKLER                        Meredith R. Theisen (Atty. No. 28804-49)
United States Attorney                 **RUBIN & LEVIN, P.C.**
                                       135 N. Pennsylvania Street, Suite 1400
*/s/ Danielle Pham*                    Indianapolis, Indiana 46204
RUTH A. HARVEY                         Telephone:  (317) 634-0300
LLOYD H. RANDOLPH                      Facsimile:   (317) 263-9411
JOHN KRESSE
DANIELLE PHAM                                         --and--

United States Department of Justice    Jeff J. Marwil (admitted *pro hac vice*)
Civil Division                         Peter J. Young
1100 L Street, N.W.                    **PROSKAUER ROSE LLP**
Washington, DC 20005                   Three First National Plaza, Suite 3800
TEL: (202) 514-7451                    Chicago, Illinois 60602-4342
FAX: (202) 514-9163                    Telephone:  (312) 962-3550
Email: danielle.pham@usdoj.gov         Facsimile:   (312) 962-3551

*Attorneys for the United States*
                                                      --and--

                                       Timothy Q. Karcher (admitted *pro hac vice*)
                                       Steven H. Holinstat
                                       Russell T. Gorkin
                                       **PROSKAUER ROSE LLP**
                                       Eleven Times Square
                                       New York, New York 10036
                                       Telephone:  (212) 969-3000
                                       Facsimile:   (212) 969-2900

                                       *Co-Counsel to the Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2019, a copy of the foregoing *Agreed 3rd Motion to Extend Stay of Adversary Proceeding* was filed electronically. Notice of this filing will be sent to the following party/parties through the Court's Electronic Case Filing System. Party/parties may access this filing through the Court's system.

John C. Hoard    johnh@rubin-levin.net, jkrichbaum@rubin-levin.net;atty_jch@trustesolutions.com;sturpin@rubin-levin.net
Steven Howard Holinstat    sholinstat@proskauer.com
Jeff J. Marwil    jmarwil@proskauer.com, npetrov@proskauer.com;pyoung@proskauer.com;sholinstat@proskauer.com
Danielle Ann Pham    danielle.pham@usdoj.gov
U.S. Trustee    ustpregion10.in.ecf@usdoj.gov

I further certify that on March 26, 2019, a copy of the foregoing *Agreed 3rd Motion to Extend Stay of Adversary Proceeding* was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

None.

/s/ *John C. Hoard*
John C. Hoard

g:\wp80\trustee\caruso\itt educational - 86723901\adversary proceedings\dept. of ed - 86723917\drafts\motion extend stay - 3rd.doc