UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ITT EDUCATIONAL SERVICES, INC., *et al.*[1] | ) | Case No. 16-07207-JMC-7A |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| DEBORAH J. CARUSO, as CHAPTER 7 TRUSTEE for ITT EDUCATIONAL SERVICES, INC., ESI SERVICE CORP. and DANIEL WEBSTER COLLEGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 18-50271 |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**AGREED 7th MOTION TO EXTEND STAY OF ADVERSARY PROCEEDING**

Plaintiff Deborah J. Caruso, ("Trustee" or "Plaintiff"), as chapter 7 trustee in the above-captioned cases of ITT Educational Services, Inc., ("ITT"), ESI Service Corp. and Daniel Webster College, Inc. (collectively referred to herein as either ITT or "Debtors") and Defendant United States Department of Education (the "ED" or "Defendant"), by and through undersigned counsel, jointly move this Court for an order (the "Motion") (i) further extending the stay of all proceedings in this adversary proceeding (the "Adversary Proceeding") and (ii) extending the terms of an agreement between ED and ITT, to allow for the completion of settlement negotiations.

---

[1] The debtors in these cases, along with the last four digits of their respective federal tax identification numbers are ITT Educational Services, Inc. [1311]; ESI Service Corp. [2117]; and Daniel Webster College, Inc. [5980].

1.  On September 16, 2016 (*i.e.*, the Petition Date), the Debtors each filed in this Court voluntary petitions for relief under chapter 7 of title 11 of the United States Code (11 U.S.C. §101 *et seq.*, the "Bankruptcy Code").

2.  On September 7, 2018, Plaintiff initiated this Adversary Proceeding against the ED seeking various relief, including, without limitation, to recover a transfer of approximately $79,707,879 that ITT transferred to the ED on or about December 17, 2015, and a second transfer of approximately $14,646,101 that ITT transferred to the ED on or about July 20, 2016. These prepetition transfers were made pursuant to an agreement between ITT and ED, dated December 15, 2015 (the "ED Agreement").

3.  ED currently holds funds pursuant to the ED Agreement and has not sought to draw down on those amounts while productive negotiations continue. Under the ED Agreement, ED was to hold these funds until November 4, 2019 (the "ED Deadline").

4.  The Court has previously entered six orders staying all proceedings in this Adversary Proceeding, with the latest *Order Granting Agreed 6th Motion to Extend Stay of Adversary Proceeding* (the "6th Stay Order") [Doc 22] entered on February 20, 2020, staying all proceedings in this Adversary Proceeding until the earlier of (i) thirty (30) days after either party has given written notice to the other party to terminate pending settlement discussions, or (ii) 120 days from entry of the 6th Stay Order. The 6th Stay Order also extended the ED Deadline for 120 days after entry of the 6th Stay Order. The 6th Stay Order expressly permits the parties to seek jointly or individually further extensions of these deadlines.

5.  The current stay pursuant to the 6th Stay Order and the ED Deadline is set to expire on June 19, 2020. The parties continue to work together diligently to consensually resolve this matter without further litigation.

6. The parties believe that efforts would be best directed towards finalizing the parties' proposed settlement. Accordingly, extending the stay of this Adversary Proceeding and the ED Deadline beyond June 19, 2020 is appropriate to provide the parties the time to finalize the settlement.

7. Accordingly, the parties have agreed to extend the stay as provided in the 6th Stay Order as follows:

    a. The stay as provided in the 6th Stay Order will remain effective as of the date of the filing of Plaintiff's *Adversary Complaint* ("Complaint") [Doc 1], and will be extended to stay all proceedings in the Adversary Proceeding, including without limitation the Court's entry of a scheduling order under Fed. R. Civ. P. 16, as incorporated by Fed. R. Bankr. P. 7016, and the requirements imposed by Fed. R. Civ. P. 26, as incorporated by Fed. R. Bankr. P. 7026, until the earlier of (i) thirty (30) days after either party has given written notice to the other party to terminate pending settlement discussions, or (ii) 120 days from the entry of the Court's order on the Motion;

    b. For the avoidance of doubt, while the stay is in effect, (a) the time period in which the Plaintiff may amend the Complaint under Fed. R. Civ. P. 15(a)(1)(A), as made applicable by Bankr. R. 7015, should be tolled, and (b) the time period in which the ED must file a responsive pleading or a motion with respect to the Complaint under Fed. R. Bankr. P. 7012, should be tolled.

    c. The stay will not prejudice any motion by the ED to withdraw the reference of the Adversary Proceeding.

8. This motion does not attempt or otherwise purport to eliminate, reduce or impair any claims or defenses by any party, including without limitation, Plaintiff's rights to file an

amendment to the Complaint in accordance with Fed. R. Civ. P. 15, as made applicable by Fed. R. Bankr. P. 7015, or Defendant's rights to file a responsive pleading or other motion with respect to the Complaint in accordance with Fed. R. Bankr. P. 7012.

9. The ED Deadline shall be extended to 120 days after entry of the Court's order on the Motion.

10. Nothing in this motion shall preclude the parties' ability to seek jointly or individually a further extension of the deadlines set forth in paragraphs 7 and 9, above.

**WHEREFORE**, the parties hereby request that the Court enter an order:

a. Directing that the stay as provided in the 6th Stay Order will remain effective as of the date of the filing of the Complaint, and is extended to stay all proceedings in the Adversary Proceeding, including without limitation the Court's entry of a scheduling order under Fed. R. Civ. P. 16, as incorporated by Fed. R. Bankr. P. 7016, and the requirements imposed by Fed. R. Civ. P. 26, as incorporated by Fed. R. Bankr. P. 7026, until the earlier of (i) thirty (30) days after either party has given written notice to the other party to terminate pending settlement discussions, or (ii) 120 days from the entry of the Court's order on the Motion;

b. Tolling, while the stay is in effect, (i) the time period in which the Trustee may amend the complaint under Fed. R. Civ. P. 15(a)(1)(A), as made applicable by Bankr. R. 7015, and (ii) the time period in which the ED must file a responsive pleading or a motion with respect to the complaint under Fed. R. Bankr. P. 7012.

c. Providing that the Trustee shall not rely on the stay to oppose any motion by the ED to withdraw the reference of the Adversary Proceeding.

d. Directing that the ED Deadline shall be extended to 120 days after entry of the Court's order on the Motion.

4

    e.    Granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: June 12, 2020 | Respectfully submitted, |
| JOSEPH H. HUNT<br>Assistant Attorney General | */s/ John C. Hoard*<br>Deborah J. Caruso (Atty. No. 4273-49)<br>John C. Hoard (Atty. No. 8024-49) |
| JOSH J. MINKLER<br>United States Attorney | Meredith R. Theisen (Atty. No. 28804-49)<br>**RUBIN & LEVIN, P.C.**<br>135 N. Pennsylvania Street, Suite 1400 |
| */s/ Michael S. Tye*<br>RUTH A. HARVEY<br>LLOYD H. RANDOLPH<br>JOHN KRESSE<br>MICHAEL S. TYE | Indianapolis, Indiana 46204<br>Telephone: (317) 634-0300<br>Facsimile: (317) 263-9411<br><br>--and-- |
| United States Department of Justice<br>Civil Division<br>1100 L Street, N.W.<br>Washington, DC 20005<br>TEL: (202) 514-7451<br>FAX: (202) 514-9163<br>Email: michael.tye@usdoj.gov | Jeff J. Marwil (admitted *pro hac vice*)<br>Peter J. Young<br>**PROSKAUER ROSE LLP**<br>Three First National Plaza, Suite 3800<br>Chicago, Illinois 60602-4342<br>Telephone: (312) 962-3550<br>Facsimile: (312) 962-3551 |
| *Attorneys for the United States* | --and-- |
| | Timothy Q. Karcher (admitted *pro hac vice*)<br>Steven H. Holinstat<br>Russell T. Gorkin<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, New York 10036<br>Telephone: (212) 969-3000<br>Facsimile: (212) 969-2900 |
| | *Co-Counsel to the Trustee* |

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 12, 2020, a copy of the foregoing *Agreed 7th Motion to Extend Stay of Adversary Proceeding* was filed electronically. Notice of this filing will be sent to the following party/parties through the Court's Electronic Case Filing System. Party/parties may access this filing through the Court's system.

John C. Hoard johnh@rubin-levin.net, jkrichbaum@rubin-levin.net;atty_jch@trustesolutions.com;sturpin@rubin-levin.net
Steven Howard Holinstat sholinstat@proskauer.com
Jeff J. Marwil jmarwil@proskauer.com, npetrov@proskauer.com;pyoung@proskauer.com;sholinstat@proskauer.com
Danielle Ann Pham danielle.pham@usdoj.gov
Michael Tye michael.tye@usdoj.gov
U.S. Trustee ustpregion10.in.ecf@usdoj.gov

  I further certify that on June 12, 2020, a copy of the foregoing *Agreed 7th Motion to Extend Stay of Adversary Proceeding* was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

None.

                */s/ John C. Hoard*
                John C. Hoard

G:\WP80\TRUSTEE\Caruso\ITT Educational - 86723901\Adversary Proceedings 11-4-19\Adversary Proceedings\Dept. of Ed - 86723917\Drafts\motion extend stay - 7th.doc